IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
ex rel., ANTHONY J. CAMILLO and
ANTHONY CAMILLO, Individually,

Plaintiff,

v.

ANCILLA SYSTEMS, INC., d/b/a
ST. MARY'S HOSPITAL OF
EAST ST. LOUIS and ST. MARY'S
HOSPITAL OF EAST ST. LOUIS, INC.,
n/k/a KENNETH HALL REGIONAL
HOSPITAL, INC.,

Defendants.                                            No. 03-CV-0024-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

## I. Introduction and Procedural Background

Pending before the Court is Ancilla Systems Inc.'s motion to dismiss Fourth Amended Complaint (Docs. 81 & 82). Specifically, Ancilla moves to dismiss pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)** and **9(b)** Counts I and II of the Fourth Amended Complaint (the False Claims Act counts) because Camillo does not allege that Ancilla made or caused to be made any false claim or that Ancilla actually submitted or caused to be submitted any false claims. Plaintiff opposes the motion arguing that he has meet the pleading requirements of the False Claims Act

and to withstand a Rule 12(b)(6) motion to dismiss (Doc. 91). On July 15, 2005, the Court heard oral argument on the motion to dismiss and took the matter under advisement. Based on the pleadings, oral argument and the applicable case law, the Court **GRANTS** Ancilla's motion to dismiss.

On January 10, 2003, Anthony Camillo, the former director of Corporate Health of Ancilla Systems, Inc., d/b/a St. Mary's Hospital of East St. Louis ("Ancilla"), initiated this *qui tam* action against Ancilla under the False Claims Act ("FCA"), **31 U.S.C. § 3729** (Doc. 1). The action seeks to recover damages and civil penalties on behalf of the United States arising from Ancilla submitting alleged false or fraudulent claims to the Government.[1] Camillo filed the *qui tam* complaint under seal pursuant to **31 U.S.C. § 3729 *et seq.*** Subsequently, on July 21, 2003, Camillo filed a First Amended Complaint under seal (Doc. 8). In this Amended Complaint, Camillo alleges that these claims are based on the bundling charges on individual tests under a profile offered to nursing homes but unbundling these charges when billing to Medicare. Camillo also alleges that Ancilla double billed and received double payments from Medicare and nursing home clients. Further, Camillo

---

[1]The FCA authorizes private individuals to file suit against any entity alleged to have presented a false or fraudulent claim for payment to the federal government. **See 31 U.S.C. § 3730(b)**. After these private individuals, known as "relators" or "*qui tam* plaintiffs," file their complaints under seal, the government then has an opportunity to investigate and decide whether to intervene. If the government decides not to intervene, the complaint is unsealed and the suit proceeds. The relator is entitled to a share of the proceeds if the action is successful, the amount depending, in part, on whether the government intervenes. If the government joins the suit, the relator is eligible to receive between fifteen and twenty-five percent of the judgment. Here, the government elected not to intervene, so the relator is eligible to collect twenty-five to thirty percent of the proceeds if the action is successful. **See § 3730(d)(1), (2)**.

contends that Ancilla submitted requests for payment for HUD and EPA grants when it was entitled to payment of only one of the grants and that Ancilla submitted multiple and excessive billing on travel expenses to its clientele. Camillo also brought a claim against Ancilla under the FCA for retaliatory discharge (Count III). On November 26, 2003, the United States filed its notice of election to decline intervention pursuant to **31 U.S.C. § 3730(b)(4)(B)** (Doc. 13). Thereafter on December 4, 2003, the Court entered an Order unsealing the complaint and directed that the Amended Complaint be served on Ancilla (Doc. 14).

On May 14, 2004, Ancilla filed a motion to dismiss all counts of the Amended Complaint (Doc. 23). On August 12, 2004, Magistrate Judge Clifford J. Proud granted Camillo leave to file a Second Amended Complaint which rendered moot Ancilla's motion to dismiss (Doc. 39). Camillo filed his Second Amended Complaint on August 24, 2004 (Doc. 40). On November 16, 2004, the Court granted in part and denied in part Ancilla's motion to dismiss and allowed Camillo leave to amend his Second Amended Complaint (Doc. 56).

Thereafter, Camillo filed a Third Amended Complaint against Ancilla and added St. Mary's Hospital of East St. Louis, Inc. n/k/a Kenneth Hall Regional Hospital, Inc. ("Kenneth Hall") as a named Defendant in this action. In response to the Third Amended Complaint, Ancilla filed a motion for more definite statement arguing that the Third Amended Complaint lumps the allegations against it and Kenneth Hall without distinguishing between the two Defendants or attributing specific conduct to each Defendant separately (Doc. 69). The Court granted Ancilla's

motion on February 1, 2005 (Doc. 75). That Order directed Camillo to file a more definite statement that identified with particularity which Defendant is responsible for the individual acts of fraud.

Instead of filing the more definite statement, Camillo filed a Fourth Amended Complaint against Ancilla and Kenneth Hall (Doc. 78).[2] Counts I, II and V are against Ancilla: Counts I and II are claims brought under the FCA and Count V is a claim for intentional economic advantage. Counts VI, VII, VIII and IX are against Kenneth Hall: Counts VI, VII are claims brought under the FCA; Count VII is a claim for common law retaliatory discharge; and Count IX is a claim for retaliatory discharge for requesting work comp benefits.

On February 28, 2005, Ancilla filed its answer to Count V (Doc. 79)[3] and a motion to dismiss pursuant to Rules 12(b)(6) and Rule 9(b) (Doc. 81).[4] The Court held a hearing on the motion and took the matter under advisement on July 15, 2005. Because the Court finds that Camillo has failed to state a claim, the Court

---

[2]The Court notes that the Fourth Amended Complaint is missing Counts III and IV; that Camillo began numbering his complaint "paragraph 1" three different times; and that Counts I and II are also found under Counts VI and VII). The Court finds that this type of pleading is improper and hard to follow. Pleadings filed with the Court must be easy to follow and distinguishable as to counts, paragraphs and claims.

[3]In its answer, Ancilla states that it is answering the allegations contained in Count IV of Plaintiff's Fourth Amended Complaint. The Court assumes that this was a typographical error and that Ancilla meant to file an answer to Count V of the Fourth Amended Complaint as Camillo's Fourth Amended Complaint does not contain a Count IV.

[4]In the "wherefore clause" of its *motion* to dismiss (not the brief in support), Ancilla requests that the Court "dismiss this action in its entirety, with prejudice." (Doc. 81, p. 2). However, Ancilla's brief only addresses Counts I and II, the FCA claims; it did not move to dismiss Count V, the interference with economic advantage (Doc. 82). Thus, the Court is not addressing the merits of Count V.

dismisses with prejudice Counts I and II of the Fourth Amended Complaint.

## II.  Motion to Dismiss

In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor.  ***Brown v. Budz,* 398 F.3d 904, 908 (7th Cir. 2005)**.  In making such evaluation, however, the court generally should consider only the allegations of the complaint.  ***Centers v. Centennial Mortgage, Inc.,* 398 F.3d 930, 933 (7th Cir. 2005)**.  "Dismissal is proper under Rule 12(b)(6) only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  ***Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))**.  "Indeed, if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate."  ***Brown,* 398 F.3d at 909 (internal quotations omitted)**.  "Whether a complaint sufficiently states a claim turns on whether it meets the general rules of pleading a claim for relief.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing the pleader is entitled to relief.'  This 'short and plain statement' requires a plaintiff to allege no more than 'the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer.'"  ***Id.* at 908**.  However, **FEDERAL RULE OF CIVIL PROCEDURE 9(b)** provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall

be stated with particularity." Claims made under the False Claims Act must be stated with the particularity required by **Rule 9(b)**. ***United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003)**.

### III.  Analysis

Ancilla argues that the Court should dismiss the claims against it in Counts I and II of the Fourth Amended Complaint because the allegations against it fail to state a claim under the FCA. In response, Camillo argues that his allegations are sufficient to survive a Rule 12(b)(6) motion, that these issues are more appropriate for summary judgment and restates the allegations contained in paragraph 12 of the Fourth Amended Complaint (which is a recitation of **31 U.S.C. § 3729**) and paragraphs 47-54 of the Fourth Amended Complaint. The Court agrees with Ancilla.

The specific allegations against Ancilla are contained at paragraphs 47-54 of the Fourth Amended Complaint. In summary, the allegations are: (1) that St. Mary's Hospital was at all relevant times a wholly owned subsidiary of Ancilla; (2) that Ancilla distributed an "Associates Handbook" to all employees at St. Mary's Hospital; (3) that Ancilla distributed a "Code of Conduct" to all employees at St. Mary's Hospital; (4) that St. Mary's retained the authority to review St. Mary's procedures on accounting and billing practices; (5) that Camillo reported the fraudulent billing practices to the compliance officer at Ancilla and his supervisors at Ancilla but was terminated from St. Mary's Hospital three months later; (6) that

Ancilla knew of St. Mary's fraudulent filling practices but refused to report the fraud to the Government and ratified those actions and allowed the practices to continue; that Ancilla sold St. Mary's to Kenneth Hall after Camillo reported the fraud; and (7) that Ancilla set up, instigated, authorized and ratified the procedures and decisions that caused the fraudulent billings to take place by St. Mary's.

The Court finds that these allegations do not state a claim under the FCA. Knowledge, ratification and creating the procedures do not state a claim upon which relief can be granted as a matter of law under the FCA. To be liable under the FCA, a defendant must not only have known of a claim that is false, but defendant must have submitted or caused to be submitted a claim that is false or fraudulent, **31 U.S.C. § 3729(a)(1)**, or must have knowingly made, used or caused to be made or used false records or statements to get a false or fraudulent claim paid. **31 U.S.C. § 3729(a)(2)**. Camillo does not allege that Ancilla submitted false claims or caused false claims to be submitted.

Under the FCA, mere knowledge of a claim with nothing more does not constitute a violation. **See United States v. Murphy, 937 F.2d 1032, 1039 (6th Cir. 1991)("Constructive knowledge that something illegal may have been in the offing is not enough to prove the government's case. ... does not eliminate the need under subsection (a)(1) for some action by the defendant whereby the claim is presented or caused to be presented.");** *United States ex rel. Grynberg v. Ernst & Young LLP***, 323 F.Supp.2d 1152, 1155 (D. WY 2004)(Downes,**

**J.)("allegations that a defendant had direct knowledge of a fraud on the government but did nothing to stop it are not enough to state a claim under the FCA);** *United States ex rel Piacentile v. Wolk***, 1995 WL 20833 (E.D. PA 1995)(Newcomber, J.)("The False Claims Act requires both knowledge of a claim's falsity and some action by the defendant which causes the claim to be presented to the government.").**

**Likewise, Camillo's allegations regarding ratification against Ancilla fail as a matter of law. The FCA does not apply to ratification, for there is no "fraud by hindsight."** *See Denny v.* **Barber, 576 F.2d 465, 470 (2nd Cir. 1978)(There is no fraud by hindsight);** *United States ex rel. Garst v. Lockheed-Martin Corp.***, 328 F.3d 374, 378 (7th Cir. 2003)("there is no 'fraud by hindsight'");** *Harrison v. Westinghouse Savannah River Co.***, 176 F.3d 776, 784 (4th Cir. 1999).**

**Lastly, Camillo's allegations that Ancilla "set up" the procedures that caused the false claims to be submitted by Kenneth Hall also fail as a matter of law. The creation of general circumstances leading to the submission of false claims are insufficient to state a FCA violation.** *See United States v. ex rel. Atkinson v. Pennsylvania Ship Building Co.***, 2000 WL 1207162, \* 14 (E.D. PA 2000)(Yohn, J.)("Thus, although Plaintiff may have alleged that Sun Ship caused some of the circumstances that led to the submission of false claims, the plaintiff has not pleaded with adequate specificity any allegations that Sun Ship caused the submission of false claims.").**

Here, Counts I and II of the Fourth Amended Complaint do not contain allegations against Ancilla that constitute presenting, or causing to be presented a false claim or makes or causes to be made a false statement to get a false or fraudulent claim paid or approved by the government. In the Fourth Amended Complaint, Camillo has alleged only that Ancilla knew of the false claims, that it did not report such claims, and that Ancilla created the billing system used by Kenneth Hall. The Court finds that these allegations do not arise to conduct which violates the FCA. Thus, the Court finds that Counts I and II of the Fourth Amended Complaint must be dismissed with prejudice.

### IV. Conclusion

Accordingly, the Court **GRANTS** Ancilla's motion to dismiss Counts I and II of the Fourth Amended Complaint (the FCA claims against Ancilla). The Court **DISMISSES with prejudice** Counts I and II of the Fourth Amended Complaint. Further, the Court **DENIES** the joint motion to strike (Doc. 99).

**IT IS SO ORDERED.**

Signed this 18th day of July, 2005.

/s/   David RHerndon
**United States District Judge**