IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**
**ex rel., ANTHONY J. CAMILLO and**
**ANTHONY CAMILLO, Individually,**

**Plaintiff,**

**v.**

**ANCILLA SYSTEMS, INC., d/b/a**
**ST. MARY'S HOSPITAL OF**
**EAST ST. LOUIS and ST. MARY'S**
**HOSPITAL OF EAST ST. LOUIS, INC.,**
**n/k/a KENNETH HALL REGIONAL**
**HOSPITAL, INC.,**

**Defendants.**                                                       No. 03-CV-0024-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction[1]

This matter comes before the court on Kenneth Hall's motion to dismiss Plaintiff's Fourth Amended Complaint (Doc. 83). Pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)** and **9(b)**, Kenneth Hall seeks dismissal with prejudice of Counts VI and VII (the False Claims Act counts) of Camillo's Fourth Amended Complaint. Camillo opposes the motion (Doc. 90). Based on the following, the

---

[1] On July 18, 2005, the Court entered an Order granting co-defendant Ancilla Systems Inc.'s motion to dismiss as to Counts I and II of the Fourth Amended Complaint (Doc. 111). In that Order the Court set forth the case's lengthy procedural background. Thus, the Court need not reiterate it here. The Court states only the relevant facts as to Kenneth Hall's motion to dismiss.

Court grants in part and denies in part the motion to dismiss.

On February 15, 2005, Camillo filed a Fourth Amended Complaint against Ancilla and Kenneth Hall (Doc. 78).[2]  Counts I, II and V are against Ancilla: Counts I and II are claims brought under the FCA and Count V is a claim for intentional economic advantage.  Counts VI, VII, VIII and IX are against Kenneth Hall: Counts VI, VII are claims brought under the FCA; Count VII is a claim for common law retaliatory discharge; and Count IX is a claim for retaliatory discharge for requesting "work comp"benefits.

On February 28, 2005, Kenneth Hall filed its answer to Counts VIII and IX of the Fourth Amended Complaint (Doc. 80) and a motion to dismiss (Doc. 83).[3] Specifically, Kenneth Hall argues that (1) Camillo's attempt to add Kenneth Hall after the Government reviewed the sealed pleadings and declined to intervene is improper under the FCA; (2) the Fourth Amended Complaint essentially alleges that the Hospital followed explicit directions from the Government in submitting the claims,

---

[2]The Court notes that the Fourth Amended Complaint is missing Counts III and IV; that Camillo began numbering his complaint  "paragraph 1" three different times; and that Counts I and II are also found under Counts VI and VII).   The Court finds that this type of pleading is improper and hard to follow.  Pleadings filed with the Court must be easy to follow and distinguishable as to counts, paragraphs and claims.

[3]The FCA authorizes private individuals to file suit against any entity alleged to have presented a false or fraudulent claim for payment to the federal government.  **See 31 U.S.C. § 3730(b)**.  After these private individuals, known as "relators" or "*qui tam* plaintiffs," file their complaints under seal, the government then has an opportunity to investigate and decide whether to intervene. If the government decides not to intervene, the complaint is unsealed and the suit proceeds. The relator is entitled to a share of the proceeds if the action is successful, the amount depending, in part, on whether the government intervenes. If the government joins the suit, the relator is eligible to receive between fifteen and twenty-five percent of the judgment. Here, the government elected not to intervene, so the relator is eligible to collect twenty-five to thirty percent of the proceeds if the action is successful.  **See § 3730(d)(1), (2)**.

thus, it is cannot be found liable for fraud under the FCA; (3) the complaint alleges "fraud by hindsight" which does not exist under the FCA; (4) the complaint, by attachments and appropriately reviewed public records irrefutably rebuts the allegations of the complaint; and (5) the complaint fails to plead fraud with particularity, in that it fails to identify actual claims and makes only the most general allegations. The Court held a hearing on the motion and took the matter under advisement on July 15, 2005. Based on the pleadings, the oral argument, and the applicable law, the Court grants in part and denies in part Kenneth Hall's motion.

## II. Motion to Dismiss

In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. **Brown v. Budz, 398 F.3d 904, 908 (7th Cir. 2005)**. In making such evaluation, however, the court generally should consider only the allegations of the complaint. **Centers v. Centennial Mortgage, Inc., 398 F.3d 930, 933 (7th Cir. 2005)**. "Dismissal is proper under Rule 12(b)(6) only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" **Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))**. "Indeed, if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." **Brown, 398 F.3d at 909 (internal quotations omitted)**. "Whether a complaint sufficiently states a claim turns on

whether it meets the general rules of pleading a claim for relief. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing the pleader is entitled to relief.' This 'short and plain statement' requires a plaintiff to allege no more than 'the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer.'" *Id.* **at 908**. However, **FEDERAL RULE OF CIVIL PROCEDURE 9(b)** provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Claims made under the False Claims Act must be stated with the particularity required by **Rule 9(b)**. ***United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 376 (7th Cir. 2003);** ***United States ex rel. Gross v. Aids Research Alliance-Chicago,* — F.3d —, 2005 WL 1567316, *2 (7th Cir. July 6, 2005)**.

### III. Analysis

### Addition of Kenneth Hall after Government Review

First, Kenneth Hall argues that the Court must dismiss the FCA claims against it because it was not originally named as a Defendant when the Government made its initial review of the case and declined intervention. Specifically, Kenneth Hall argues that because Camillo did not name it as a Defendant in the complaint that the Government reviewed, the Government was compelled to decide whether or not to intervene, settle over Camillo's objection, pursue an alternative remedy, or even dismiss without being able to consider Camillo's claims against it. Kenneth Hall

relies on a First Circuit Court of Appeals case that held "allowing a *qui tam* relator to amend his or her complaint after conducting further discovery would mean that the 'government will have been compelled to decide whether or not to intervene absent complete information about the relator's cause of action.'" **United States ex rel. Karvelas v. Melrose-Wakefield Hospital, 360 F.3d 220, 231 (1st Cir. 2004), cert denied 125 S.Ct. 59 (2004)**.[4] Camillo counters that the Court should deny the motion because Government had sufficient notice of the claims against St. Mary's Hospital/Kenneth Hall when it originally filed the complaint under seal. The Court agrees with Camillo.

The Court finds that this case is distinguishable from **Karvelas**. In **Karvelas**, the First Circuit affirmed the district court's decision to dismiss a FCA complaint on the ground that it failed to plead fraud with particularity as required by Rule 9(b). The First Circuit found that "allowing a relator to plead generally at the outset and amend the complaint at the 12(b)(6) stage after discovery would be at odds with the FCA's procedures for filing a qui tam action and its protections for the government (which is, of course, the real party in interest in a qui tam action). **Karvelas, 360 F.3d at 231**.

Here, the issue is whether Camillo is entitled to amend his complaint to add a Defendant. Under the circumstances, the Court finds that Camillo is. At the time Camillo filed his original complaint and First Amended Complaint under

---

[4] Kenneth Hall concedes that the Seventh Circuit has not considered this issue.

seal and when the Government reviewed it, the named Defendant was Ancilla Systems, Inc., d/b/a St. Mary's Hospital of East St. Louis.  Also at that time, Camillo produced the documents in his possession to the U.S. Attorney's office regarding the allegations in the complaints.  The allegations in the original complaint and the Fourth Amended Complaint have not changed.  The allegations of fraud are about the bills being sent out of St. Mary's Hospital.  Moreover, St. Mary's Hospital of East St. Louis was a wholly owned subsidiary of Ancilla before Ancilla sold the hospital to Kenneth Hall.  Therefore, the Government was aware that the real party in interest was the hospital.  Furthermore, as previously noted by the Court in its order unsealing the complaint, the Government is entitled to intervene at any time for good cause.  (*See* Doc. 14).  Thus, the Court denies Kenneth Hall's motion to dismiss based on the addition of Kenneth Hall as a Defendant after Government review.

**Claims Regarding Bundling and Unbundling**

Next, Kenneth Hall urges the Court to dismiss the allegations regarding bundling and unbundling because the Hospital was specifically directed by the Government to bill for the chemistry profile tests exactly as Camillo alleged was false in his Fourth Amended Complaint.  In the Fourth Amended Complaint, Camillo alleges that the Hospital improperly "unbundled ... charges for the tests when billing Medicare," and that the "aforementioned chemistry profile tests should have billed to Medicare under one CPT code, believed to be CPT code "8007" (for "chemistry 7" profile tests) or "8008" (for the "chemistry 8" profile tests).  In particular, Kenneth Hall argues that it cannot be found liable because in 1998, the Health Care Financing

Administration directed that chemistry profile tests at issue should not be used. **See HCFA Pub. 60AB**, **Transmittal No. AB-98-7, March 1, 1998**.[5] Camillo contends that the public record that Kenneth Hall cites to is not applicable to the allegations in the complaint. Camillo further responds that this issue is more appropriate for summary judgment. The Court agrees with Camillo. The Court finds that the issue of bundling and unbundling is too fact laden to decide on a motion to dismiss. Therefore, the Court denies Kenneth Hall's motion as to bundling and unbundling charges.

**Claims Regarding Double Billing**

Kenneth Hall also moves to dismiss the allegations regarding "double billing" because they are refuted by his own attachments and by complete versions of his attachments. In essence, Kenneth Hall argues that Camillo has pled himself out of court based on his pleadings and attachments. Kenneth Hall contends that Camillo's Group Exhibit Y to the Fourth Amended Complaint do not demonstrate double billing by the Hospital. Kenneth Hall also contends that those records show only billing to non-Medicare patients with some Medicare reimbursements that, ultimately, evidence reimbursement. Camillo argues that the Hospital's assertions are misleading; that he provided some sample documents regarding the double billing and that Group Exhibit Y were the documents that Camillo presented to his

---

[5]Generally, courts may not consider matters outside the pleadings when considering a Rule 12(b)(6) motion. However, the Court may and does take judicial notice of the Health Care Financing Administration publication as it is a public record. **See General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997)**.

supervisor. Camillo contends that these documents do not reflect the totality of all the fraudulent billings believed to have been made. Camillo also argues that there is a question of if and when the refunds to Medicare were made and that the statements provided by the Hospital still show account balances that were never refunded. At this stage in the litigation, the Court finds that these issues are more appropriate for summary judgment. The Court denies Kenneth Hall's motion for summary judgment as to the double billing issue.

**Travel Expenses and Grant Application Claims**

Lastly, Kenneth Hall argues that Camillo has failed to plead with particularity his claims relating to the travel expenses and the grant applications. Kenneth Hall contends that the allegations related to travel do not include who traveled, when anybody traveled, where they traveled, why they traveled, who submitted the claims, the amount of the claims, when the claims were submitted, what claims were multiple or any actual claims themselves. Kenneth Hall also contends that the allegations as to the grant applications fail to present or even attempt to identify with any particularity, a claim that Camillo alleges to be false. The Court agrees.

Just last month, the Seventh Circuit reiterated the pleading standard in FCA cases:

> The FCA is an anti-fraud statute and claims under it are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir.2003) (Rule 9(b) applies "because the False Claims Act condemns fraud but not negligent fraud or omissions.").

***Gross*, — F.3d —, 2005 WL 1567316 at \*2**. **Federal Rule of Civil Procedure 9(b) provides:**

> Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent knowledge, and other condition of mind of a person may be averred generally.

Based on the allegations in the Fourth Amended Complaint as to the travel expenses and the grant applications, the Court finds that these allegations have not been pled with the required specificity of Rule 9(b). Camillo has not given any specific examples of the fraudulent claims as to the travel and grant application claims. Thus, the Court grants Kenneth Hall's motion to dismiss *without prejudice* as to these claims.[6] The Court allows Camillo to amend his complaint as to these claims but he must supply "the who, what, when, where, and how." ***Gross*, — F.3d —, 2005 WL 1567316 at \*3 (quoting *Garst*, 328 F.3d at 376 (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990))**.

### IV.  Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** Kenneth Hall's motion to dismiss Counts VI and VII (the FCA claims against Kenneth Hall) of the Fourth Amended Complaint (Doc. 83). The Court **ALLOWS** Camillo up to and including Monday, August 29, 2005 to file an amended complaint that is in

---

[6]Because the Court is dismissing without prejudice and with leave to amend Camillo's grant application claims for failure to comply with Rule 9(b), the Court need not analyze these claims under the Rule 12(b)(6) standard.

accordance with the **FEDERAL RULES OF CIVIL PROCEDURE**, the **LOCAL RULES** of this Judicial District and this Order.  Further, the Court **DENIES** Defendants' motions for sanctions (Docs. 105 & 106).

      **IT IS SO ORDERED.**

Signed this 8th day of August, 2005.

      <u>/s/   David RHerndon</u>
      **United States District Judge**