IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel., ANTHONY J. CAMILLO and<br>ANTHONY CAMILLO, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>ANCILLA SYSTEMS, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NUMBER: 03-24-DRH<br>)<br>)<br>)<br>) |

### ORDER

Before the Court is plaintiff Camillo's motion to compel defendant Kenneth Hall Regional Hospital to produce documents in response to plaintiff's requests for production Nos. 18 and 19, propounded on or about February 3, 2005. **(Doc. 108).** The documents at issue are billing and refund records which the hospital contends reveal confidential medical information of non-party patients. The hospital is willing to produce the records provided the records are subject to a protective order meeting the requirements of the Health Insurance Portability and Accountability Act (HIPAA) (*see* 45 C.F.R. § 164.512).[1] **(Doc. 121).**

The protective order proposed by the hospital and rejected by plaintiff would redact virtually all identifying information, including addresses, all elements of dates except the year (including birth, admission and discharge dates), phone numbers, e-mail addresses, Social Security numbers, account numbers, medical record numbers and health plan beneficiary numbers. **(Doc. 121, Exhibit B, ¶ 5).** The parties themselves are free to characterize documents as "confidential" or "confidential-counsel only." **(Doc. 121, Exhibit B, ¶ 3).** "Confidential-

---

[1] HIPAA protects "protected health information" from disclosure. "Protected health information" means individually identifiable health information that is maintained and/or transmitted in any form or medium. **45 C.F.R. § 160.103.**

1

counsel only" documents are not to be shown to plaintiff Anthony Camillo, although his counsel is permitted to view the materials.  **(Doc. 121, Exhibit B, ¶ 6(b)).**  If such documents are to be shown to consulting experts, an executed non-disclosure form identifying the expert must be presented to the hospital in advance.  **(Doc. 121, Exhibit B, ¶ 8).**

  Plaintiff contends that the aforementioned redactions would prevent cross-referencing other documents.  Plaintiff notes that the parties agree that the documents will be used only for purposes of this litigation.  Plaintiff also feels hamstrung by the "confidential-counsel only" designation, which would preclude the relator himself, who is familiar with Medicare billing practices, from participating in this litigation.  Plaintiff further objects to having to reveal experts whose identities may not be required to be revealed under the Federal Rules of Civil Procedure.

  The hospital counters that Illinois law is stricter than HIPAA privacy provisions with respect to non-party patient information and do not permit disclosure of records in this situation, and that comity should compel adherence to the Illinois law.  *See* **735 ILCS § 5/8-802 and 45 C.F.R. § 160.203(b).**  The redaction provisions are aimed at satisfying the Illinois law, not HIPAA.  With respect to plaintiff's need to cross-reference documents, the hospital contends that the issue in this case is alleged double-billing to medicare and nursing homes, which has nothing to do with individual patient accounts, so patient privacy should prevail.  The hospital asserts that plaintiff/relator Camillo has a history of falsifying forms and forging signatures, which indicates great potential for misue of protected information.  Lastly, the hospital reasserts its initial objection to the relevance and scope of  plaintiff's request for production No. 18, regarding billing information.

  Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.  The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.  ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).**

Discovery may be had from any person, provided that the person from whom discovery is sought is not subjected to annoyance, embarrassment, oppression, or undue burden or expense. **See Fed.R.Civ.P. 26(c), 30(b), 34, and 45.** Accordingly, in a situation such as this, the interests of the plaintiff and the non-party patients must be balanced.

The Fifth Amended Complaint alleges that the defendant hospital and its parent company violated the False Claims Act, 31 U.S.C. 3729 et seq., by bundling chemical profile tests when billing nursing homes and unbundling those charges when billing Medicare, double billing in various manners, and submitting multiple and excessive bills. **(Doc. 122).** Although the hospital correctly observes that this action is not about individual patients, plaintiff obviously needs to be able to compare and cross-reference documents in order to pinpoint which bills and refunds support the alleged fraudulent activity. Because names, account numbers, etc., can be manipulated to conceal improper activities, plaintiff needs to be able to cross-reference multiple identifiers to identify which bills and refunds are properly the subject of this action. Therefore, the Court finds plaintiff's requests for production Nos. 18 and 19 relevant

HIPAA permits protected health information to be revealed in response to a discovery request, if the parties agree to a protective order and have presented it to the Court, or have asked the Court for a protective order. **45 C.F.R. § 164.512(e)(1).** The protective order should prohibit the use or disclosure of the protected health information for any purpose other than the litigation, and require the return or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding. ***Id.*** The HIPAA provisions do not create a privilege against production or admission of evidence; they merely create a procedure for obtaining protected medical record in litigation. ***Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 925-926 (7th Cir. 2004);** *see also* **Fed.R.Evid. 501.** By all accounts, the parties agree to abide by the HIPAA requirements. However, the defendant hospital wants plaintiff to also comply with the more stringent requirements of Illinois law, which would not permit the disclosure of identifying information in this situation. **See 735 ILCS 5/8-802.**

The Court of Appeals for the Seventh Circuit ruled in *Northwestern Memorial Hospital v. Ashcroft* that a more restrictive state law cannot be used in a federal-question action such as this to hamstring the enforcement of federal law. **362 F.3d at 925.** Because Illinois law would, at a minimum, redact the identifying information needed to analyze the hospital's billing practices, any interest in comity must fall by the wayside. Accordingly, paragraph 5 of the protective order proposed by the hospital is unacceptable. **(Doc. 121, Exhibit B, ¶ 5).**

Turning to the "confidential-counsel only" provision of the protective order proposed by the hospital **(Doc. 121, Exhibit B, ¶ 6(b))**, the Court first takes issue with the fact that the hospital is given free rein to, in effect, characterize information as privileged or afforded additional protections. The determination of good cause cannot be left to the parties, that is the Court's prerogative. **Fed.R.Civ.P. 26(c).** Furthermore, the hospital has failed to show cause for restricting the plaintiff/relator's access to the billing and refund documentation. Any fears of spoliation of evidence should be allayed by the very fact that the hospital remains in possession of the original records. There is absolutely no reason to believe that the plaintiff/relator will abuse the HIPAA-protected documents. Therefore, paragraph 6(b) of the protective order proposed by the hospital is entirely unacceptable. **(Doc. 121, Exhibit B, ¶ 6(b)).**

The Court agrees that it is appropriate to have those permitted access to HIPAA-protected documents execute a non-disclosure form. However, the hospital has failed to show sufficient cause for requiring advance authorization from the hospital, especially insofar as plaintiff would be forced to reveal experts or consultants plaintiff would otherwise not be required to reveal. There is no reason not to trust plaintiff's counsel to ensure that non-disclosure forms are executed and logged, and confidentiality maintained. Therefore, paragraph 8 of the protective order proposed by the hospital is unacceptable in the aforementioned respects. **(Doc. 121, Exhibit B, ¶ 8).**

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, plaintiff Camillo's motion to compel defendant Kenneth Hall Regional Hospital to produce documents in response to plaintiff's requests for production Nos. 18 and 19, propounded on or about February 3, 2005, **(Doc. 108)** is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before **November 18, 2005**, the parties shall execute a HIPAA qualified protective order in compliance with the rulings contained within this order; a motion for entry of said protective order shall be immediately filed and the executed protective order submitted to the Court at <**cjppd@ilsd.uscourts.gov**> for final review and approval.

**IT IS FURTHER ORDERED** that defendant Kenneth Hall Regional Hospital shall have seven calendar days from the date the Court files the approved protective order to produce the requested HIPAA-protected documents to plaintiff.

**IT IS SO ORDERED**.

DATED: November 7, 2005

                                                 s/ Clifford J. Proud
                                                 **CLIFFORD J. PROUD**
                                                 **U. S. MAGISTRATE JUDGE**