IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ANTHONY J. CAMILLO and ANTHONY CAMILLO, Individually, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NUMBER: 03-24-DRH ) |
| ANCILLA SYSTEMS, INC., et al. | ) ) |
| Defendants. | ) |

### ORDER

Before the Court is plaintiff/relator Camillo's motion to compel defendant St. Mary's Hospital, n/k/a Kenneth Hall Regional Hospital, Inc., to produce RSM McGladney records defendant has withheld based on the attorney-client privilege and work product doctrine. **(Doc. 123).** Also before the Court is defendant's response and a series of documents submitted under seal, which purportedly evidence the basis for protecting RSM McGladney records as a whole. **(Docs. 129 and 151).**

### Relevant Legal Principles

Insofar as defendant claims protection from disclosure of certain information and documents, Federal Rule of Civil Procedure 26(b)(5) dictates that a party shall make any claim of privilege "expressly and shall describe the nature of the documents . . . in a manner that, without revealing itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

> The purpose of the [attorney-client] privilege is to encourage full disclosure and to facilitate open communication between attorneys and their clients. However, because "the privilege has the effect of withholding relevant information," courts construe the privilege to apply only where necessary to achieve its purpose. The mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements.

*U.S. v. BDO Seidman*, 337 F.3d 802, 810-811 (7th Cir. 2003) (internal citations omitted).

Among the essential elements of the attorney-client privilege are the requirements that the communication be made to the attorney in confidence, and that the confidences constitute information that is not intended to be disclosed by the attorney.**"** ***Id.* at 811 (internal citations omitted).** "'[T]he privilege protects only the client's confidences, not things which, at the time, are not intended to be held in the breast of the lawyer. . . .'" ***U.S. v. Weger*, 709 F.2d 1151, 1154 (7th Cir. 1983) (quoting *Clanton v. U.S.*, 488 F.2d 1069, 1071 (5th Cir. 1974)).** "Selective" waiver of the privilege is generally not recognized, but courts are less likely to find waiver if disclosure was inadvertent. ***Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1126-1127 (7th Cir. 1997).**

       The work product doctrine serves as a qualified immunity from discovery, not as a privilege. When this qualified immunity is overcome by a proper showing of substantial need, a court must still protect against disclosure of mental impressions, opinions, conclusions, or legal theories of the attorney or representative in regards to the litigation. **Fed. R. Civ. P. 26(b)(3).** The work product doctrine protects the following from disclosure: interviews, statements, memoranda, correspondence, briefs, mental impressions, and personal thoughts of attorneys. ***See Hickman v. Taylor*, 329 U.S. 495 (1947).** The doctrine is intended to provide a safe haven within which the attorney can analyze and prepare his or her client's case in anticipation of litigation. ***See U.S. v. Nobles*, 422 U.S. 225 (1975).** The work product doctrine is not limited to the information gathered by the attorney; the doctrine also protects materials gathered by investigators and other agents of the attorney as part of the attorney's preparation for trial. ***See Nobles* at 225.** For example, the work of a client's attorney, consultant, surety, indemnitor, insurer, or agent is protected by the work product doctrine. **Fed. R. Civ. P. 26(b)(3).** The qualified immunity afforded by the work product doctrine may be waived. ***See Noble* at 225.** What constitutes a waiver depends on the circumstances. ***Id.*** An unintentional or inadvertent disclosure of materials does not generally indicate a waiver of the work product protection. ***See, e.g., Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215 (4th Cir. 1976).**

## Analysis

With the aforementioned legal principles in mind, the Court finds no basis for the applicability of the attorney-client privilege.  However, the documents defendant submitted under seal do in fact clearly illustrate that RSM McGladney, a business consulting firm, was specifically retained in June 2002 to perform a review for the benefit of defendant and its attorneys in anticipation of litigation.  The resulting reports therefore qualify as work product.  The fact that the firm was hired before plaintiff/relator Camillo's termination is irrelevant.  Plaintiff has not offered any cause for disregarding the protection.

**IT IS THEREFORE ORDERED** that the subject motion to compel **(Doc. 123)** is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 22, 2005

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**