IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
ex rel., ANTHONY J. CAMILLO and
ANTHONY CAMILLO, Individually,

Plaintiff,

v.

ANCILLA SYSTEMS, INC., d/b/a
ST. MARY'S HOSPITAL OF
EAST ST. LOUIS and ST. MARY'S
HOSPITAL OF EAST ST. LOUIS, INC.,
n/k/a KENNETH HALL REGIONAL
HOSPITAL, INC.,

Defendants.                                                 No. 03-CV-0024-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction[1]

This matter comes before the court on Kenneth Hall's motion to dismiss Counts II and III of Plaintiff's Fourth Amended Complaint (Doc. 132). Pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)** and **9(b)**, Kenneth Hall seeks dismissal with prejudice Counts II and III (the False Claims Act counts) of Camillo's Fifth Amended Complaint as they relate to travel expenses and grant applications.

---

[1] On July 18, 2005, the Court entered an Order granting co-defendant Ancilla Systems Inc.'s motion to dismiss as to Counts I and II of the Fourth Amended Complaint (Doc. 111). In that Order the Court set forth the case's lengthy procedural background. Thus, the Court need not reiterate it here. The Court states only the relevant facts as to Kenneth Hall's motion to dismiss.

Camillo opposes the motion (Doc. 140).  Based on the following, the Court grants in part and denies in part the motion to dismiss.

On August 8, 2005, the Court granted in part and denied in part Kenneth Hall's motion to dismiss Counts VI and VII (the FCA claims against Kenneth Hall) of the Fourth Amended Complaint (Doc. 118) and allowed Camillo up to Monday August 29, 2005 to file an amended complaint.  On August 29, 2005, Camillo filed a Fifth Amended Complaint against Ancilla and Kenneth Hall (Doc. 122).  Count I is against Ancilla for intentional interference with economic damage.  Counts II, III, IV and V are against Kenneth Hall.  Counts II And III are brought under the FCA, Count IV is a claim for common law retaliatory discharge, and Count V is a claim for retaliatory discharge for requesting "work comp"benefits.

On September 13, 2005, Kenneth Hall filed a motion to dismiss (Doc. 132).  Specifically, Kenneth Hall argues that Counts II and III of the Fifth Amended Complaint as the they relate to travel expenses and grant applications fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  Based on the following the Court grants in part and denies in part the motion to dismiss.

## II.  **Motion to Dismiss**

As to claims under the FCA, the Seventh Circuit recently stated:

The FCA is an anti-fraud statute and claims under it are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir.2003) (Rule 9(b) applies " because the False Claims Act condemns fraud but not negligent errors or omissions.")  As is pertinent here, the FCA imposes liability against any person who "knowingly makes, uses, or causes to be made or used, a false record

or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a)(2). An FCA claim under § 3729(a)(2) has three essential elements: (1) the defendant made a statement in order to receive money from the government, (2) the statement was false, and (3) the defendant knew it was false. 31 U.S.C. § 3729(a)(2); *Lamers,* 168 F.3d at 1018. An FCA claim premised upon an alleged false certification of compliance with statutory or regulatory requirements also requires that the certification of compliance be a condition of or prerequisite to government payment. *United States ex rel. Mikes v. Straus,* 274 F.3d 687, 697 (2d Cir.2001); *United States ex rel. Siewick v. Jamieson Science & Engineering, Inc.,* 214 F.3d 1372, 1376 (D.C.Cir.2000); *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 786-87 (4th Cir.1999); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 902 (5th Cir.1997); *United States ex rel. Hopper v. Anton,* 91 F.3d 1261, 1266-67 (9th Cir.1996).

***U.S. ex rel. Gross v. AIDS Research Alliance-Chicago***, **415 F.3d 601, 604 (7th Cir. 2005)**. **FEDERAL RULE OF CIVIL PROCEDURE 9(b)** provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

### III.  Analysis

Again in this motion, Kenneth Hall argues that Camillo has failed to plead with particularity his claims relating to the travel expenses and the grant applications. As to the grant applications, Kenneth Hall argues that the allegations contained in Counts II and III do not include any specific factual allegations related to the grant applications. Camillo responds that "[t]he Fifth Amended Complaint was filed completely removing the grant fund application fraud allegations. (Compare Doc. 78 with Doc. 122)." (Doc. 140, p. 1). Camillo argues that Defendants cannot

move to dismiss allegations that have not been raised. However, a review of the Fifth Amended Complaint, indicates that Camillo did include two paragraphs of allegations as to the grant applications. The first paragraph states ".... Ancilla and St. Mary's Hospital: (c) submitted requests for payments for a HUD and EPA Grant when Ancilla was entitled to payment of only one of the Grants, thereby committing fraud on the Government;" (Doc. 122; Count I, ¶ 7(c).). The second paragraph states: "These claims are also based upon St. Mary's Hospital having submitted requests for payment for a HUD and EPA Grant when Defendant was entitled to payment of only one of those Grants." (Doc. 122; Counts II and III, ¶ 4). Obviously, the inclusion of these paragraphs was an oversight as Camillo states that he did not raise grant application allegations in his Fifth Amended Complaint. Thus, the Court **STRIKES** these allegations from the Fifth Amended Complaint.

As to the travel expenses, Kenneth Hall argues that these claims should be dismissed because Camillo failed to identify a single specific instance of travel billed to the Federal Government. Further, Kenneth Hall argues that Camillo's Fifth Amended Complaint only contains specific allegations of travel expenses billed to private insurance, which Camillo asserts would have been improper if they had been billed to Medicare. Camillo counters that the requirements of Rule 9(b) should be relaxed because he lacks access to all facts necessary to his claim, that this is a complicated scheme and that the mere reliability of the Relator provides indicia of reliability. Specifically, Camillo maintains that he has alleged that he does not have possession of Defendant's billing records, but that he did attach examples of billing

procedures for travel expenses, even though these were to private insurance carriers.² Camillo also contends that he performed the phlebotomist job responsibilities on occasion and observed the first-hand fraudulent billing procedures of the hospital.³ The Court agrees with Kenneth Hall.

Based on the allegations in the Fifth Amended Complaint as to the travel expenses, the Court finds that these allegations are insufficient and have not been pled with the required specificity of **Rule 9(b)**. Camillo has not identified a single incident of travel improperly billed to Medicare or Medicaid. He has not identified a single claim to the Federal Government related to travel which was false. He has only submitted allegations of travel expenses billed to private insurance. "As the statute itself puts it, liability attaches only when a false statement is used 'to get a false or fraudulent claim paid or approved by the Government.'" ***Gross*, 415 F.3d at 605 (quoting 31 U.S.C. § 3729(a)(2))**. Camillo has failed to plead this element with the required specificity. Nor is the Plaintiff in a position to aver such

---

²Camillo claims that he does not have possession of these documents and that because Kenneth Hall has these documents, he should be permitted to apply a lower pleading standard, the Court does not agree. The exception is inapplicable here as the crux of Camillo's claims is that Kenneth Hall submitted false claims to the Federal Government. By the terms of Camillo's own claims, then, the details of the false claims are *not* solely within Defendant's knowledge and the relaxation under Rule 9(b)'s standards would be unwarranted. ***Clausen v. Laboratory Corp. of America*, 290 F.3d 1301, 1311 (11th Cir. 2002), cert. denied, 537 U.S. 1105 (2003);** *Russel v. Epic Healthcare Mgmt. Group*, 193 F.3d 304, 308 (5th Cir. 1999); *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994).

³Camillo submitted two affidavits to support this argument. However, the affidavits do not indicate familiarity with billing procedures. The affidavits state that phlebotomists were trained to enter travel fees into the hospital billing system. The affidavits do not state that either affiant had any knowledge of bills submitted to Medicare. Further, the record reflects that Camillo throughout this litigation has submitting conflicting testimony/admissions as to his knowledge and participation as to the billing procedures and practices.

allegations. He does not allege that he was an employee in the billing department with access to the evidence required to prove such allegations. Further. the Court finds that a sixth amended complaint on this issue would be futile.

### IV.  Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** Kenneth Hall's motion to dismiss Counts II and III of the Fifth Amended Complaint (Doc. 132). The Court **DISMISSES without prejudice** the allegations that refer to grant applications and **DISMISSES with prejudice** the allegations in Counts II and III that relate to travel expenses.

**IT IS SO ORDERED.**

Signed this 4th day of April, 2006.

/s/        David    RHerndon
**United States District Judge**
