IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ex rel., **ANTHONY J. CAMILLO** and **ANTHONY CAMILLO, Individually**, <br><br> Plaintiff, <br><br> vs. <br><br> **ANCILLA SYSTEMS, INC., et al.**, <br><br> Defendants. | CASE NUMBER: **03-24-DRH** |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Kenneth Hall Regional Hospital's motion to compel plaintiff Camillo to fully respond to Requests Nos. 1 and 2 of defendant's Supplemental Request to Produce. **(Doc. 167).** Request No. 1 seeks files, documents and the like stored on Camillo's personal computer and/or lap top computer. Request No. 2 seeks:

> Any and all documents, contract, computer files, notes, memos, letters, correspondence, electronically stored data and/or information, computerized records or writings whatsoever of Data Input, Inc. (a.k.a. D.A.T.A.) including but not limited to any documents received by the current residents of 21 Susan Court, Collinsville, IL which were given and/or forwarded to Plaintiff and/or any member of Plaintiff's family including the Plaintiff's mother to give and/or forward to the Plaintiff.

**(Doc. 167, Request No. 2).** Defendant explains that Data Input is a company operated by Camillo's wife and/or mother, which provided scheduling of services at issue in this case. Camillo responded that he had no responsive materials in his possession. Defendant notes that, in accordance with Federal Rule of Civil Procedure 34(a), the scope of discovery includes material in the possession, custody or control of the party upon whom the discovery request is

1

made.

In his response, plaintiff Camillo focuses on the fact that Request No. 2 pertains to materials received from "current residents" of his home, and reasserts that he has fully complied with the request as drafted.  Plaintiff also confirms that he is aware that responsive materials in his possession, custody and control are discoverable.  **(Doc. 179).**

A review of Request No. 2 reveals that plaintiff is mistaken about the request only pertaining to materials received by "current residents" of his home.  Although the punctuation in the request leaves something to be desired, the request is clearly aimed at "any and all" Data Input materials in plaintiff's possession, custody or control.  The request is actually neither expanded nor narrowed by the inclusion of the phrase "*including but not limited to* any documents received by the current residents of 21 Susan Court, Collinsville, IL".  **(Doc. 167, Request No. 2 (emphasis added)).**  Whether plaintiff Camillo's response is altered by this reading of he request remains to be seen, but Camillo must revisit his response and either produce any responsive materials in his possession, custody or control, or must confirm that he has no responsive materials.

**IT IS THEREFOR ORDERED** that defendant Kenneth Hall Regional Hospital's motion to compel **(Doc. 167)** is **GRANTED**, in that on or before **May 22, 2006**, plaintiff Camillo shall respond anew to the defendant Hospital's Supplemental Request to Produce.

**IT IS SO ORDERED.**

DATED: May 9, 2006                                s/ Clifford J. Proud
                                                              CLIFFORD J. PROUD
                                                              U. S. MAGISTRATE JUDGE