IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ex rel., **ANTHONY J. CAMILLO** and **ANTHONY CAMILLO, Individually**, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NUMBER:  **03-24-DRH** ) |
| **ANCILLA SYSTEMS, INC., et al.**, | ) ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Kenneth Hall Regional Hospital's motion to compel plaintiff Anthony J. Camillo to: (1) respond to requests for production propounded on or about May 31, 2005; and (2) fully respond to certain interrogatories propounded on or about May 31 and September 2, 2005.  In addition, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), defendant seeks an award of expenses and attorney's fees associated with filing the subject motion. **(Doc. 157)**.

Plaintiff Camillo has filed a motion for an extension of time to file his response. **(Doc. 159)**.  The defendant Hospital objects to any extension, noting that the motion for an extension of time was filed 30 days after the motion to compel, and arguing that plaintiff should not be given a belated opportunity to explain why he has failed to respond to discovery. **(Doc. 160)**.

### Plaintiff's Motion for an Extension of Time

Local Rule 7.1(g) prescribes a ten day response period for a motion to compel.  Plaintiff did not even move for an extension of time to file a response until 30 days after the motion to compel was filed, and he requested another 14 days to explain why, among other things, he was

ten months late in responding to the Hospital's request for production.  Plaintiff Camillo offered no explanation for why he needed an extension of time to respond to the motion to compel.  Therefore, no good cause for granting an extension of time is evident.  Plaintiff's motion indicates that plaintiff's counsel is under the misimpression that he had 30 days to respond to the motion to compel.  The Court cannot find such a gross misunderstanding of a basic procedural rule excusable.  Therefore, plaintiff's motion for an extension of time **(Doc. 159)** is denied.

### Defendant's May 31, 2005, Request for Production

Insofar as plaintiff has never responded to the defendant Hospital's May 31, 2005, request for production, or moved for a protective order, defendant's motion to compel is well taken and is granted.

### Defendant's May 31, 2005, Interrogatories

The defendant Hospital takes issue with plaintiff's responses to interrogatories Nos. 1, 2, 7, 8, 11, 14, 18 and 19.  **(Doc. 157, Exhibit D).**   Defendant also correctly observes that the interrogatories are not signed, as required by Federal Rule of Civil Procedure 33

Defendant objects that plaintiff did not disclose the address, telephone number and job title for individuals identified in response to interrogatories Nos. 1 and 2.  However, that specific information was not requested in those interrogatories.  Therefore, defendant's motion is denied with respect to those two interrogatories.

Defendant correctly observes that plaintiff has failed to provide the details of his worker's compensation claim and receipt of benefits, as requested in interrogatory No. 7.  Therefore, defendant's motion to compel is granted with respect to that interrogatory.

Plaintiff has failed to provide the requisite details about his medical treatment, as

requested in interrogatory No. 8.  Defendant's objection is well taken and its motion to compel is granted with respect to interrogatory No. 8.

Plaintiff has not fully provided the detailed information regarding employment discrimination-type claims sought by interrogatory No. 11, and defendant has provided a good indication that plaintiff has omitted claims that are encompassed by interrogatory No. 11. Defendant's motion to compel is therefore granted with respect to interrogatory No. 11.

Defendant observes that plaintiff's response to interrogatory No. 14, regarding discipline or criticism about his work at the defendant Hospital, appears to be responsive to interrogatory No. 13, leaving interrogatory No. 14 unanswered.  Therefore, defendant's motion to compel is granted with respect to interrogatory No. 14.  As a practical matter, plaintiff's responses to interrogatories 13 and 14 both need to be revisited.

Plaintiff has clearly failed to provide the details about subsequent employment requested in interrogatory No. 18, and he has failed to execute a release of employment form as requested. Therefore, defendant's motion to compel is granted with respect to interrogatory No. 18; plaintiff must revise his response and execute a release form as requested.

Plaintiff's response to Interrogatory No. 19 referenced tax returns, which were not produced.  Defendant's motion to compel is granted with respect to this interrogatory and plaintiff should therefore produce copies of his tax returns for 2001-2004.

Defendant correctly observes that plaintiff Camillo has failed to sign his responses to the May 31, 2005, interrogatories, as required by Federal Rule of Civil procedure 33(b)(2). Therefore, plaintiff must execute a certification in conformance with Rule 33(b)(2).

### Defendant's September 2, 2005, Interrogatories

Defendant takes issue with plaintiff's responses to its September 2, 2005, interrogatories Nos. 1,  4, 11 and 12.

Interrogatory No. 1 is aimed at the bases for plaintiff's conclusions regarding bundling and unbundling, and requests plaintiff specify the underlying authority, statute, regulation, etc., and experts relied upon.  Plaintiff objects that the interrogatory requested attorney work product, called for legal conclusions, and required disclosure of experts before such disclosures were due under the scheduling and discovery order controlling this case.  Federal Rule of Civil Procedure 26(b)(3) offers protection to attorney work product and heightened protection to so-called "opinion" work product, including "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

The Fifth Amended Complaint[1] alleges that all of the component tests in "chemistry 7" and "chemistry 8" blood profile tests should be billed in a "bundled" fashion, using one CPT code,"believed to be CPT codes "8007" and "8008," respectively.  **(Doc. 122, p. 9, ¶ 19).** Although plaintiff objected to providing "underlying authority" for the aforementioned assertion, based on the work product doctrine, he did cite to the billing guidelines for Wisconsin Physician Services (WPS), which handles Medicare billing for the State of Illinois, and also offered an explanation of how he extrapolated that a hospital should not unbundle the chemistry 7 and chemistry 8 tests.  The Court perceives plaintiff's  work product objection as misplaced.  Plaintiff's response to the interrogatory revealed the underlying authority for the assertion about what he correct billing procedure and codes were, as requested.  Therefore, defendant's

---

[1]The interrogatory was directed to the Fourth Amended Complaint.  The Fifth Amended Complaint now controls.  The amendment has no bearing on the Court's analysis.

argument that the WPS billing guidelines are not protected by the work product doctrine is a moot point.

Insofar as plaintiff objected to revealing his expert witnesses, plaintiff is generally correct.  One party cannot preempt a deadline for the disclosure of expert witnesses by propounding an interrogatory requesting the disclosure.   Although the expert disclosure deadline is the subject of another motion pending before the Court, the Court observes that the deadline for expert disclosures (in the absence of a court-imposed deadline, which is the situation in this case) under Federal Rule of Civil Procedure is 90 days before trial.  Trial is currently set for October 2006, so plaintiff's expert disclosures are not due yet.  Therefore, defendant's motion is denied insofar as it pertains to interrogatory No. 1.

Interrogatory No. 4 requests that plaintiff describe with particularity the facts upon which he bases his bundling/unbundling allegations, including dates and all accounts.  Plaintiff merely explained that he had access to the bills for chem-7 profiles from nursing homes during 1999-2002.  Defendant objects that the response lacks specificity.  Although plaintiff's response is lacking in specifics, the interrogatory strikes the Court as being overly burdensome, and better suited to a deposition and/or request for production.  Therefore, defendant's motion is denied with respect to interrogatory No. 4.

Similarly, defendant is dissatisfied with the lack of specifics plaintiff provided in response to Interrogatory No. 11, which inquired about how plaintiff discovered the double billing.  Plaintiff's response indicated that he discovered the double billing while working with Dan Burtnett correcting billing problems.   The interrogatory did not specifically ask for dates or accounts, and plaintiff did not offer such information.   Again, plaintiff appears to have answered

the interrogatory, although more information may be gleaned through a deposition and/or request for production.  In any event, defendant's motion to compel is denied with respect to interrogatory No. 11.

Interrogatory No. 12 requests plaintiff disclose "all facts which support that the double billing was done to defraud Medicare."  Plaintiff responded asserting essentially that the defendant would know about its own billing practices, and that they were informed of the problem (referencing a response to another interrogatory).  Plaintiff also described inconsistent and/or false entries in the billing system that he perceives indicate fraud.  Defendant objects that no specific facts were offered.  Although plaintiff's response does not specify dates, account numbers and other such details, it does generally respond to this obviously overly broad interrogatory.  Once again, defendant is attempting to have plaintiff set forth his entire case in exacting detail, which is unrealistic and inconsistent with the ABA Civil Discovery Standards regarding so-called "contention" interrogatories.  Therefore, defendant's motion to compel is denied with respect to interrogatory No. 12.

## Attorney's Fees and Costs

Federal Rule of Civil Procedure 37(a)(4)(C), provides that when a motion is denied in part and granted in part, the Court has discretion to apportion the attorney's fees and costs amongst the parties.  In this situation, plaintiff has already had to absorb the blow of not being permitted to respond, and the parties' otherwise should bear their own costs in this situation.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's motion for an extension of time **(Doc. 159)** is **DENIED**; and

2. Defendant's motion to compel **(Doc. 157)** is **GRANTED IN PART AND**

**DENIED IN PART**, as detailed in this order.

**IT IS FURTHER ORDERED** that on or before **May 24, 2006**, plaintiff shall respond to defendant's discovery requests, or revisit previous responses, as detailed above.

**IT IS SO ORDERED.**

**DATED: May 9, 2006**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**