IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ex rel., **ANTHONY J. CAMILLO** and **ANTHONY CAMILLO, Individually**, <br><br> Plaintiff, <br><br> vs. <br><br> **ANCILLA SYSTEMS, INC., et al.**, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> CASE NUMBER: **03-24-DRH** |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Kenneth Hall Regional Hospital's motion to compel plaintiff Camillo to respond to interrogatory No. 16 of the Hospital's First Set of Interrogatories, essentially requesting plaintiff's expert disclosures under Federal Rule of Civil Procedure 26(a)(2). The Hospital takes issue with plaintiff's prior response, insofar as Camillo asserts that he will be his own expert, but has not complied with Rule 26(a)(2) or, in the alternative, answered the Hospital's interrogatory. In addition, the Hospital objects to plaintiff's claims of privilege asserted in response to the Hospital's Requests for Admission. The Hospital further requests leave to propound an additional 16 interrogatories, over and above the 25 permitted by Federal Rule of Civil Procedure 33. **(Doc. 172).**

Plaintiff Camillo responds that his effort to disclose his expert(s) is impeded by the large volume of records produced by the defendants, and the absence of other requested information. Plaintiff also asserts that the defendant has far exceeded the 25 interrogatory limit. From plaintiff's perspective, defendant has opted to use interrogatories and requests for admission, rather than take his deposition. With regard to the production of Medicare manuals and bulletins

and WPS documents, plaintiff contends they are protected by the work product doctrine, even though they are admittedly publicly available documents.  **(Doc. 188).**

The Court has already tangentially ruled on most, if not all of these issues in a spate of separate orders.  Deadlines for the disclosure of expert witnesses have been set.  It is now up to plaintiff to fully comply with Federal Rule of Civil Procedure 26(a)(2), no matter how much paperwork his experts must wade through.  Regardless of the applicability of Rule 26(a)(2) to plaintiff-as-expert, he must fully respond to Interrogatory 16 (requesting the same information required under Rule 26(a)(2)), which he has not.  Plaintiff's expert disclosures and his full response to Interrogatory No. 16 shall all be due on May 19, 2006.

The Hospital asserts that plaintiff has asserted frivolous claims of privilege in response to the Hospital's Requests for Admission and Requests for Production of Documents.  The Hospital generally snipes at some of plaintiff's responses to its requests for admission, but does not clearly set forth legal issues for resolution.  The interrogatory and request for production included in the Request for admission are problematic.  The Hospital has already propounded the maximum number of interrogatories permitted under Federal Rule of Civil Procedure 33, and leave of Court to propound additional interrogatories was not sought.  The interrogatory and request for production are aimed at expanding the scope of the response required under Rule 36, and are overly broad.  The Hospital does not appear to appreciate the difference between a request for admission and an interrogatory.

Insofar as the Hospital requests leave to propound additional interrogatories, the Court has already observed in a separate order that the Hospital has attempted to use interrogatories to obtain information better fleshed out during a deposition.  Therefore, the Hospital will not be

permitted to propound additional interrogatories.

**IT IS THEREFORE ORDERED** that the subject motion to compel **(Doc. 172)** is **GRANTED IN PART AND DENIED IN PART** as detailed above.  On or before **May 19, 2006**, plaintiff Camillo must fully respond to Interrogatory 16 and make the required expert disclosures.

**IT IS SO ORDERED.**

DATED:  May 16, 2006                                             s/ Clifford J. Proud
                                                                 **CLIFFORD J. PROUD**
                                                                 **U. S. MAGISTRATE JUDGE**