IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ex rel., **ANTHONY J. CAMILLO and ANTHONY CAMILLO, Individually**, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NUMBER:  **03-24-DRH** ) |
| **ANCILLA SYSTEMS, INC., et al.**, | ) ) |
| Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant Kenneth Hall Regional Hospital's motion to deem certain of its requests for admission admitted.  **(Doc. 182).**  The Hospital asserts that plaintiff Camillo rephrased requests 1, 22, 23, 36 and 37, 2, 4, 6 and 12 and/or answered them to suit himself. Plaintiff Camillo stands by his responses, and in the alternative requests leave to amend his answers.  **(Doc. 189).**  The Hospital characterizes plaintiff's responses as dilatory and misleading.  **(Doc. 193).**

Federal Rule of Civil Procedure 36(a) provides for two circumstances when a request for admission is deemed admitted by the Court: (1) when no answer or objection is received within the allotted time; and (2) if the answer does not comport with the requirements of the rule. However, if the answer does not comport with the requirements of the rule the Court may also order that an amended answer be filed.  **Fed.R.Civ.P. 36(a).**  Plaintiff did answer the requests for admission, but not to the Hospital's satisfaction.  After reviewing plaintiff's responses, the Court concludes that plaintiff's responses are not of the sort that warrant the requests being deemed admissions.

Requests 1, 22, 23, 36 and 37 all seek confirmation of the genuineness of certain documents. In accordance with Rule 36(a), copies of the pertinent pages and/or documents were submitted for plaintiff's review. Plaintiff's responses all "admitted" that the copies "appeared to be" copies of the designated documents. The Court attributes plaintiff's hedge to the animosity between the parties and counsel and fear of being tricked, not bad faith. Plaintiff appears to have forgotten that one of the uses of requests for admissions is to streamline the presentation of evidence at trial. Hedging one's response is inappropriate, at least without offering an explanation. Plaintiff now acknowledges that he was not objecting. Therefore, plaintiff must amend his answers to simply admit the genuineness of the documents– Rule 36 contemplates that the copies submitted with the requests are genuine, and there are other remedies if it later turns out otherwise.

Request 2 pertains to specific pages of "CPT 1997." Plaintiff admitted the genuineness of the pages, but noted that they were from " a book or pamphlet entitled American Medical Association."  In a ridiculous twist, the Hospital accuses plaintiff of rephrasing the request and being evasive, disingenuous and inexcusably misleading. Clearly, plaintiff was only attempting to be helpful. The Hospital acknowledges the pages were not from the CPT 1997, they were from the American Medical Association's 1997 Physicians' Procedural Terminology Manual referenced in the preceding request for admission. Out of an overabundance of caution, plaintiff should amend his answer accordingly.

Request 6 seeks an admission that Code 80008 is for when eight tests out of a list of 19 are used, as opposed to 8 specific tests. Plaintiff did not clearly admit or deny the request; rather, plaintiff offered a relatively lengthy explanation of a series of codes. The Court does not

perceive any bad faith on plaintiff's part. Again, plaintiff merely appears not to appreciate that requests for admissions are essentially "yes or no" questions. Therefore, plaintiff must amend his answer.

Request 12 requested an admission regarding the genuineness of a manual. Plaintiff denied the request, noting that the entire manual had not been submitted for review. Defendant asserts that the request pertained to the parts of the manual submitted. The written request and the document submitted for review did not match, so plaintiff's response is proper.

**IT IS THEREFORE ORDERED** that the defendant Hospital's motion **(Doc. 182)** is **GRANTED IN PART AND DENIED IN PART** as detailed above. Insofar as plaintiff was directed to amend certain answers, those amended answers shall be filed on or before **May 26, 2006**.

**IT IS SO ORDERED.**

DATED: May 18, 2006               s/ Clifford J. Proud
                                  CLIFFORD J. PROUD
                                  U. S. MAGISTRATE JUDGE